Dear Representative LeBlanc:
You have requested an opinion as to whether, in other than emergency situations, state law allows law enforcement officers to provide automobile door opening/unlocking services to the public at no charge in direct competition with private enterprises which provide identical services.
Obviously, the mission of law enforcement agencies and the duties of law enforcement officers are somewhat broader than the strict requirements of investigating crime(s) and/or arresting criminal suspects. These duties include crime prevention (see for example LSA-R.S. 40:1379 with regard to State Police officers), including such things as cruising neighborhoods, checking commercial establishments, mediating disputes, etc. and, to some limited degree, assisting people in distress.
Clearly, the conduct in question comes within the broader mission of law enforcement agencies, and thus within the duties of law enforcement officers. A person who has locked their keys in their car is clearly in distress. Further, as it must be assumed that such situations usually arise when the car owner/operator is away from their home or business, leaving a stranded motorist to find assistance on his own, and then wait for the arrival of such assistance, would often expose him to danger from those less charitable who pray on the helpless. Thus, such conduct by law enforcement officers fairly comes within their mandate to prevent crime.
We are unable to find any statutory prohibition of such conduct by law enforcement officers. And, the issue of the constitutionality of such conduct was addressed in Atty. Gen. Op. No. 90-205 in which this office found that such conduct does not violate the constitutional prohibition contained in ArticleVII, Section 14 of the Louisiana Constitution of 1974.
Therefore, it is the opinion of this office that, within the policy of each law enforcement agency, law enforcement officers may properly assist motorists by rendering automobile door opening/unlocking services to the public at no charge, even when such services may also be provided by private enterprises.
Yours very truly
 RICHARD P. IEYOUB, Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:pb-1720o